# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DENNIS M. DALSANTO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | 2:17-cv-02157-APG-VCF<br>**ORDER** |

This matter involves Plaintiff Dennis M. Dalsanto's appeal from the Commissioner's final decision denying Dalsanto social security benefits.  Before the Court are Dalsanto's Motion for Reversal and/or Remand (ECF No. 18) and the Commissioner's Cross-Motion for Summary Judgment (ECF No. 19).  For the reasons stated below, the Court recommends denying Dalsanto's motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded that Dalsanto did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 19-1 at 25).

The ALJ concluded that Dalsanto retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except the claimant: can sit for six hours in an eight-hour workday; can push and pull with upper extremities frequently; can climb ramps and stairs occasionally but never ladders, ropes, or scaffolds; can crawl occasionally; can balance, stoop kneel, and crouch frequently; must avoid concentrated exposure to hazards.

(*Id.* at 35-38). The ALJ determined Dalsanto is capable of performing past relevant work as a salesperson, automobile parts. (*Id.* at 38).

Dalsanto concedes that the ALJ reasonably summarized the evidence of cervical, thoracic and lumbar spine disorders and reasonably relied on substantial evidence as to those disorders (ECF No. 18 at 5). Dalsanto argues that the ALJ did not properly consider the evidence of lupus as an erosive factor

in the ability to function.  Dalsanto also argues the ALJ erred in rejecting complaints of fatigue and inability to function by relying on objective evidence without fully considering the presence of then-diagnosed lupus (ECF No.18 at 6 – 7, Emphasis added).

The Commissioner argues that substantial evidence supports the ALJ's Residual Functional Capacity (RFC) finding, because the ALJ considered Dalsanto's lupus diagnosis and properly found that Dalsanto's subjective account of his symptoms to be unreliable.

## ANALYSIS

The ALJ acknowledged that Dalsanto's lupus was a severe impairment at Step Two of the sequential process (ECF No. 17-1 at 34-35).  At the hearing, testifying medical expert, Dr. Kwock, opined that Dalsanto was capable of performing a range of medium work (*Id*. at 54-55).  Ultimately the ALJ limited Dalsanto to light work, which was more restrictive that Dr. Kwok's opinion.  Substantial evidence supported that decision, which the ALJ made on the entire record, including Dalsanto's severe impairment due to lupus.  Because lupus was considered by the ALJ, the fact that some treating and expert opinions were formed before a lupus diagnosis appeared in Dalsanto's medical records does not impact the evidentiary basis for the ALJ's RFC determination.

Substantial evidence supports the ALJ's discounting the reliability of Dalsanto's testimony.  Dalsanto testified that he filed for Social Security Disability because, "he was too tired to do anything and was in pain all the time." (ECF No. 17-1, at 49). The record reflects that Dalsanto also testified that he regularly browsed the internet, watch television, met with friends, did laundry and shopped for groceries (*Id*. at 62-63).  He also testified that he took medication prior to doing yard work or other activities, which allowed him to perform yard work two or three times a week. (*Id*. at 66-67).  Discounting Dalsanto's subjective reports of his symptoms was also supported by evidence of effective treatment.  Dr. Coppel's treatment notes indicate that Dalsanto repeatedly denied sedation and reported

improved daily living and recreational activities, as well as improvement of mood and quality of life with treatment (ECF 17-1, at 421-422, 430-431, 441, 447, 569 and 572).

**CONCLUSION**

On this record, the court finds that the Commissioner applied the correct legal standards and the resulting decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

ACCORDINGLY,

IT IS RECOMMENDED that the Delsanto's Motion for Reversal and/or Remand (ECF No. 18) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion for Summary Judgment (ECF No. 19) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 17th day of December, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE